UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| United States of America, | Case No. CR 17-00533 EMC-9 |
| Plaintiff, | STIPULATED ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| Brian Bonrke | FILED |
| | NOV 30 2017 |
| Defendant. | SUSAN Y. SOONG<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

For the reasons stated by the parties on the record on 11/30, 2017, the Court excludes time under the Speedy Trial Act from 11/30, 2017 to 12/13, 2017 and finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The Court makes this finding and bases this continuance on the following factor(s):

____ Failure to grant a continuance would be likely to result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

____ The case is so unusual or so complex, due to *[check applicable reasons]* ____ the number of defendants, ____ the nature of the prosecution, or ____ the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by this section. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

____ Failure to grant a continuance would deny the defendant reasonable time to obtain counsel, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

____ Failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given counsel's other scheduled case commitments, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

✓ Failure to grant a continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

**IT IS SO ORDERED.**

DATED: 11/30/17

_____
SALLIE KIM
United States Magistrate Judge

STIPULATED: _____
Attorney for Defendant

_____
Assistant United States Attorney