ERIK BABCOCK, No. 172517
717 Washington St., 2d Floor
Oakland CA 94607
Tel: (510) 452-8400
Fax: (510) 201-2084
erik@babcocklawoffice.com

Attorney for Defendant
BRIAN BURKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN BURKE,<br><br>    Defendant. | No. 3:17-cr-00533-EMC (SK)<br><br>**DEFENDANT BRIAN BURKE'S MOTION TO MODIFY CONDITION OF RELEASE TO ALLOW ASSOCIATION WITH JON NELSON JR.**<br><br>Date: August 25, 2021<br>Time: 2:30 p.m.<br>Dept: Zoom Appearance with Hon. Judge Edward M. Chen |

TO: KEVIN BARRY, AJAY KRISHNAMURTHY AND LINA PENG:

PLEASE TAKE NOTICE that on August 25, 2021, at 2:30 p.m., Brian Burke will and hereby does move the court for an order and allow him to further associate with Jon Nelson. On June 30, 2020, this Court allowed Mr. Buke to associate with Jonathan Nelson, the son of Mr. Nelson in this case, when they were with their children. Mr. Burke requests to be allowed to visit Mr. Nelson without that limitation.

DATED: August 11, 2021                    Respectfully submitted,

                                       By:   S/_____
                                                ERIK BABCOCK
                                                Attorney for Brian Burke

# MEMORANDUM IN SUPPORT OF MOTION

## I. Procedural Background

Brian Burke was indicted in October 2017 in this case.

In November, 2017 he was released by Magistrate Judge Kim on various conditions, including a condition that he not associate with members of the Hells Angels Motorcycle Club.

On March 9, 2020, Mr. Burke filed a request to allow him to associate with three specific specific HA members, including Jonathan Nelson, the son of the one of Mr. Burke's co-defendants in this case. On March 20, 2020 Judge Kim issue an order granting Mr. Burke permission to associate with another Hells Angel, but denying him permission to associate with Jonathan Nelson. Dkt. 990.

On April 15, 2020 Mr. Burke appealed that order and filed a motion to amend. Dkt. 1017.

On June 24, 2020 this court held a hearing on the motion and orally ruled that Mr. Burke could associate with Mr. Nelson only when they were with their children. A written order to that effect was signed June 30, 2020. Dkt. 1086.

The undersigned reached out to government counsel to advise them of this requested modification and inquire whether the government would agree. The government indicated it would not agree.

///

///

///

## II. After More Than Three and Half Years on Bond, and Thirteen Months of Limited Association With Mr. Nelson, Less Restrictions Are Appropriate For This Friendship

Mr. Burke requests that the court modify or amend its prior order that Mr. Burke and Mr. Nelson could only associate when they were with children and allow them to resume their friendship independent of their children.[1]

Mr. Burke has now been compliant with the court's restrictions on his normal friendships and associations for three years and nine months.[2] Among others, Mr. Burke has abided by this court's restrictions on his friendship with Jonathan Nelson. In accordance with the court's bond conditions, he had no contact with Mr. Nelson at all for two and half years, and limited contact during the last thirteen months.

Mr. Burke respectfully submits that the conditions imposed are no longer the least restrictive conditions reasonably necessary to satisfy public safety under 18 U.S.C. §. Mr. Burke's friendship with Jonathan Nelson, which predates the indictment, should weigh more heavily at this point given Mr. Burke's history of compliance. Mr. Nelson was one of his closest friends before this case was charged. Significantly, Mr. Nelson was not even a Hells Angel at the time.

Given his compliance during the last three years and nine months, there is no longer any substantial basis for the Court to infer that Mr. Burke would endanger the public if he is allowed to resume his pre-indictment friendship with Mr. Nelson. When cases drag on for years, at some point court-imposed limitations on defendants' constitutional rights should give way for those

---

[1] This request is being made to this Court, rather than to Magistrate Judge Kim, because this Court's order allowed Mr. Burke to associate with Mr. Nelson under certain conditions. Judge Kim does not have jurisdiction to modify orders by this Court.

[2] Pretrial Services confirmed to counsel on August 11, 2021 that Mr. Burke has been compliant with the terms of his release. Pretrial further indicated that it would defer to the government with regard to the modification request made herein.

3

defendants who have demonstrated their willingness and ability to abide court orders. See *Roberts v. United States Jaycees*, 468 U.S. 609 (1984)("the Court has concluded that choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme.").

**CONCLUSION**

Brian Burke respectfully requests that the court modify its order of June 30, 2020 and allow him to associate with Jonathan Nelson without the previous restrictions ordered.

DATED: August 11, 2021               Respectfully submitted,


By:  S/
     ERIK BABCOCK
     Attorney for Brian Burke

4